IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LOURENZO FLUELLEN MARTIN,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | Civil Action No. 1:11cv632-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Respondent.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. After careful consideration of the § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

**I.   BACKGROUND**

On February 4, 2008, the petitioner, Lourenzo Fluellen Martin ("Martin"), pled guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Following a sentencing hearing on September 10, 2008, the district court sentenced Martin to 84 months in prison. The district court entered its judgment on September 17, 2008. Martin did not take a direct appeal.

On August 2, 2011, Martin filed the instant § 2255 motion, arguing that

(1)   the district court erred by treating his prior Florida conviction for lewd or lascivious assault or acts upon a minor as a crime of

>
> violence in calculating his base offense level as 20 under U.S.S.G. § 2K2.1(a)(4)(A);[1] and
>
> (2)   his counsel was ineffective for failing to appeal the district court's ruling in this regard.

Doc. No. 1 at 4.[2]

The Government answers that Martin's motion is time-barred by the one-year limitation period applicable to § 2255 motions. Doc. No. 6. *See* § 105 of the Antiterrorism and Effective Death Penalty Act (AEDPA).[3] Martin has replied to the Government's answer. Doc. Nos. 8 & 10.

## II.   DISCUSSION

### A.   General Standard of Review

Collateral review is not a substitute for direct appeal; therefore, the grounds for collateral attack on final judgments of conviction are extremely limited. A federal prisoner

---

[1] Section 2K2.1 of the Sentencing Guidelines sets forth the base offense levels for federal firearm offenses, including violations of 18 U.S.C. § 922(g)(1). Section 2K2.1(a)(4)(A) provides for a base offense of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). The district court calculated Martin's base offense level as 20 under § 2K2.1(a)(4)(A) upon finding that Martin's 1994 felony conviction in Florida for lewd or lascivious assault or acts upon a minor qualified as a "crime of violence" under the Sentencing Guidelines

[2] References to document numbers ("Doc. No.") are to those assigned by the Clerk of Court to pleadings docketed in this action or, where indicated, in the underlying Criminal Case, Case No. 1:07cr171-WKW. Page references are to those assigned by CM/ECF. References to exhibits (Ex.") are to those filed by the Government with its answer, Doc. No. 6.

[3] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

is entitled to relief under 28 U.S.C. § 2255 only if the district court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum sentence authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Id*. at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice").  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

    **B.**    **Limitation Period**

Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period for motions

3

filed pursuant to § 2255 begins to run from the latest date of–

>  (1) the date on which the judgment of conviction becomes final;

>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

As noted, Martin was convicted of possessing a firearm as a convicted felon pursuant to a guilty plea that he entered on February 4, 2008.  *See* Ex. A. He was sentenced on September 10, 2008, to 84 months in prison.  *See* Ex. B.  The district court entered its judgment on September 17, 2008.  *See* Case No. 1:07cr171-WKW, Doc. No. 39.  Therefore, Martin's conviction became final, and the § 2255(f) limitation period began to run, on September 29, 2008 (the first business day after September 27, 2008), upon expiration of the time for him to file a direct appeal.[4]  For purposes of § 2255(f)(1), then, Martin had until

---

[4] When the district court's judgment was entered in Martin's case, Fed.R.App.P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment.  *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).  Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

September 29, 2009, to file a timely § 2255 motion. His § 2255 motion, however, was not filed until August 2, 2011. Consequently, his motion is time-barred unless the limitation period in his case began to run at a date later than September 29, 2008, under a provision of § 2255(f)(2)-(4) or is subject to equitable tolling.

Martin argues that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(4) because he filed it within one year of the Eleventh Circuit's decision in *United States v. Gooch*, 394 Fed. App'x 542 (11th Cir. 2010). In *Gooch*, the Eleventh Circuit, basing its reasoning on its holding in *United States v. Harris*, 608 F.3d 1222 (11th Cir. 2010), and the United States Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265 (2010), held that a felony conviction for lewd or lascivious touching under Fla. Stat. § 800.04(6) did not qualify as a "violent felony" for purposes of the Armed Career Criminal Act. *See* 394 Fed. App'x at 544. Relying upon § 2255(f)(4), Martin argues that the decision in *Gooch* constitutes a new "fact supporting his claim or claims presented" and, consequently, the August 7, 2010, decision in *Gooch* triggered the start of his federal limitation for timely filing a § 2255 motion. *See* 28 U.S.C. § 2255(f)(4).

Martin's argument lacks merit. A court decision in a case not involving the petitioner does not constitute a "fact" triggering § 2255(f)(4). *See, e.g., Madaio v. United States*, 397 Fed. App'x 568, 569-70 (11th Cir. 2010); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006); *United States v. Moore*, Nos. 2:05cr188; 2:12cv281, 2012 WL 3061980 at *1-2 (N.D.Ind. Jul. 26, 2012). As noted in *Madaio*, the Eleventh Circuit has construed §

5

2255(f)(4) to hold that "the following are 'facts' that can be considered under § 2255(f)(4): (1) receipt of a copy of an appellate brief and discovery of an attorney's failure to file an appeal, *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002); (2) vacatur of a prior state conviction, *Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir. 2005); and (3) the date of a state parole board's decision, *Day v. Hall*, 528 F.3d 1315, 1317–18 (11th Cir. 2008)." 397 Fed. App'x at 569.

Martin cites *Rodriguez v. United States*, 186 Fed. Appx. 857 (11th Cir 2006), as support for his argument that § 2255(f)(4) controls the limitation period in his case. However, in *Rodriguez*, the court held that § 2255(f)(4) applied where the petitioner acted diligently to file a § 2255 motion following the vacatur of a prior state conviction that had been used to enhance the petitioner's sentence – a recognized circumstance where § 2255(f)(4) controls. 186 Fed. App'x at 859; *see, e.g., Rivers*, 416 F.3d at 1322. The vacatur of a prior conviction is subject to proof or disproof like any other factual issue and is therefore a "fact" supporting a § 2255 claim. *Johnson v. United States*, 544 U.S. 295, 307 (2005). However, a decision such as the one promulgated in *Gooch*, unlike a predicate conviction, "is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved." *E.J.R.E.*, 453 F.3d at 1098. Consequently, the limitation period in Martin's case is not governed by § 2255(f)(4).

Nor does Martin present a claim that involves a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See*

§ 2255(f)(3). The Eleventh Circuit based its reasoning in *Gooch* in part on the Supreme Court's holding in *Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265 (2010), that, under Florida law, a felony battery conviction is not a "violent felony" under the Armed Career Criminal Act. *See* 130 S.Ct. 1269-74. Assuming arguendo that the holding in *Johnson* could be construed to extend to Martin's claim, for Martin to avail himself of the date of the *Johnson* decision to establish the timeless of his motion under § 2255(f)(3), he must demonstrate that *Johnson* applies retroactively. *Johnson* includes no statement from the Supreme Court that the decision applies retroactively to cases on collateral review. No binding Eleventh Circuit decision requires retroactive application of *Johnson* to Martin's § 2255 motion, and Martin cites no legal authority to support his contention that *Johnson*'s date is the appropriate trigger for the federal limitation in determining the timeliness of this § 2255 motion. Finally, Johnson was decided on March 2, 2010 – more than a year before Martin filed his § 2255 motion.

For the reasons set out above, then, the alternative commencement dates provided for in § 2255(f)(2)-(4) do not apply in Martin's case.[5] The timeliness of Martin's § 2255 motion is calculated from September 29, 2008 , the date that his conviction became final. See 28 U.S.C. § 2255(f)(1). Martin's motion, filed on August 2, 2011, is untimely, and federal review is precluded absent a demonstration of equitable tolling.

Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz*

---

[5] Martin does not suggest that he was prevented from filing his § 2255 motion by some unconstitutional impediment. *See* § 2255(f)(2).

7

*v. Sec'y Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir.2004). Martin has not argued that equitable tolling should be applied to extend the limitation period in his case. In any event, achange in the law is not an extraordinary circumstance for purposes of equitable tolling. *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007). Consequently, Martin cannot avail himself of the benefit of equitable tolling, because he fails to demonstrate an extraordinary circumstance that prevented him from timely filing his § 2255 motion. Under these circumstances, this court concludes that Martin's § 2255 motion is time-barred by the one-year limitation period of § 2255(f).

### C.  Procedural Default

In addition to being time-barred, Martin's claim that the district court erred by treating his prior Florida conviction as a crime of violence in calculating his base offense level under U.S.S.G. § 2K2.1(a)(4)(A) is procedurally defaulted because he failed to raise this claim on direct appeal.[6] Ordinarily, if a claim is not advanced on direct appeal, it is deemed procedurally barred from review in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th

---

[6] It is not clear that Martin's stand-alone substantive claim alleging error concerning the base offense level enhancement under § 2K2.1(a)(4)(A) is even cognizable in a § 2255 proceeding. "Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255." *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir.1996). The sentencing guideline error alleged by Martin does not constitute a fundamental defect that inherently results in a complete miscarriage of justice or is inconsistent with the rudimentary demands of fair procedure. *Lynn v. United States*, 365 F.3d 1225, 1233 (11th Cir. 2004), *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998).

Cir. 1989). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Lynn*, 365 F.3d at 1234–35 (quoting *Mills*, 36 F.3d at 1055).

Martin mentions the term "actual innocence" only once in his pleadings, and he does not follow through with any argument. Doc. No. 1 at 5. He does not contend that he is actually innocent of his prior Florida conviction for lewd or lascivious assault or acts upon a minor. At most, he appears to suggest that he was wrongfully sentenced in the instant case under § 2K2.1(a)(4)(A) based on the district court's finding that the Florida conviction qualified as crime of violence under the sentencing guidelines and he is therefore "actually innocent" of the resulting enhancement of his base offense level. This theory of "actual innocence," however, is unavailing. Allegations of error in the application of the federal sentencing guidelines are not constitutional claims and they do not implicate the doctrines of "actual innocence" or "fundamental miscarriage of justice." *See Gilbert v. United States*, 640 F.3d 1293, 1318-23 (11th Cir. 2011) (en banc); *McKay v. United States*, 657 F.3d 1190, 1196-1200 (11th Cir. 2011); *Orso v. United States*, 452 Fed.App'x 912, 914-15 (11th Cir.

2012); *Bido v. United States*, 438 Fed.App'x 746, 748-49 (11th Cir. 2011).

Indeed, errors in application of the sentencing guidelines are subject to the ordinary rules of procedural default.[7] *McKay*, 657 F.3d at 1196-1200; *Orso*, 452 Fed.App'x at 914-15; *Bido v. United States*, 438 Fed.App'x at 748. Ineffective assistance of counsel may satisfy the "cause" exception to procedural default, but only if the ineffective-assistance claim is meritorious. *Greene*, 880 F.2d at 1305. Martin contends that his counsel was ineffective for failing to appeal the district court's treatment of his Florida conviction as a crime of violence in calculating his base offense level. However, Martin's counsel cannot be faulted for failing to rely on a decision – i.e., *Gooch* – that had not been released at the time of Martin's sentencing. Reasonably effective representation does not require counsel to make arguments based on predictions of how the law might develop. *See United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001); *Spaziano v. Singletary*, 36 F.3d 1028,1039 (11th Cir. 1994); *see also Delgado v. United States*, 475 Fed. App'x 717, 721 n.5 (11th Cir. 2012). Even if a claim based upon an anticipated change in the law is reasonably available at the time counsel failed to raise it, such failure does not constitute ineffective assistance. *See Pitts v. Cook*, 923 F.2d 1568, 1573-74 (11th Cir. 1991). Consequently, Martin cannot demonstrate that his counsel's performance in this regard fell below "an objective standard of reasonableness." *See Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984)

---

[7] Treatment of the Martin's Florida conviction as a "crime of violence" did not alter the statutory sentencing range for his conviction, but rather affected only his guidelines range within the applicable statutory range.

(petitioner alleging ineffective assistance of counsel must demonstrate that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Martin therefore fails to sustain his claim of ineffective assistance by his counsel. He has failed to overcome procedural default, and his claim of sentencing guidelines error is procedurally barred from review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Martin be denied, as it filed after expiration of the one-year limitation period in 28 U.S.C. § 2255(f) and the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **July 16, 2013.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 2nd day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE